## Fulton County Narrow Gauge Ry. Co. v. Butler.

1. *Verdict Against the Weight of Evidence.*—When the plaintiff alleges certain facts in his declaration as the grounds of the negligence complained of, in order to recover, he must prove the said allegations by a preponderance of the evidence.

2. *Plaintiff Must Be in the Exercise of Ordinary Care.*—In an action for personal injuries, it is incumbent upon the plaintiff to show that at the time, etc., he was himself in the exercise of ordinary care.

**Memorandum** —Action for personal injuries. Appeal from a judgment of $2,000 in favor of the plaintiff, rendered by the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

On July 24, 1891, the plaintiff, driving a horse and buggy and traveling in a westerly direction, was struck by an engine of the defendant running south at a road crossing, about a mile west of Havana, Illinois. The horse was killed

and plaintiff injured. This is an action of trespass to recover for such injuries. The plaintiff claimed $10,000, and by the verdict of the jury and judgment of the court, recovered $2,000.

The plaintiff charges the defendant with negligence in not causing a whistle to be blown or bell rung for the distance of eighty rods before reaching said crossing; and in not having at the crossing a sign board; and in suffering and permitting brush and weeds to grow on the right of way, so near and so high as to prevent a person approaching the crossing from seeing or hearing a train; that the engine and train was run at a high and rapid rate of speed; that the brakeman was asleep; that the engineer did not reverse the engine or use any effort to prevent the collision; that the steam whistle was out of repair; that no bell-rope was attached to the bell; that no steam or other brakes were on said engine or tender; and that there was no lever attached to said engine, whereby the engineer could reverse the same; and that while using "all due care and caution" to prevent injury to himself and property in going upon said crossing, the engine by reason of the negligence "aforesaid," struck and injured him.

### APPELLANT'S BRIEF.

The burden of showing that he exercised "due care and caution" to avoid injury is upon the plaintiff, and the recovery can not be sustained unless it appears from a preponderance of the evidence that he did exercise such "due care and caution." I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

"If a traveler on the highway takes the risk of crossing a railroad track, without using reasonable care to avoid accident, and is injured, he must bear the consequences of his own imprudence." W., St. L. & P. Ry. Co. v. Hicks, 13 Brad. 408; C., B. & Q. R. R. Co. v. Damerell et al., 81 Ill. 450.

If the plaintiff's injury was not caused by the negligence of the defendant as charged in the declaration, there can be no recovery. I. C. R. R. Co. v. Benton, 69 Ill. 174; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

"When the evidence is conflicting, and the merits of the

case doubtful, the instructions of the court upon the law applicable to the points involved must be strictly accurate, or the judgment will be reversed." Singer Mfg. Co. v. Pike, 12 Brad. 506; C., B. & Q. R. R. Co. v. Daugherty, 110 Ill. 521; St. L. & C. R. R. Co. v. Moore, 14 Brad. 510; P., D. & E. Ry. Co. v. Wagner, 18 Brad. 598.

GRAY & WAGGONER, attorneys for appellant.

## APPELLEE'S BRIEF.

A railroad company is bound to know where all the places of danger to human life and the loss of property are, along the line of their road, and the employes of the company must use care and diligence commensurate with the dangers attending such places of danger. C., B. & Q. R. R. Co. v. Payne, 59 Ill. 534 and 541; R. R. I. & St. L. R. R. Co. v. William Hillmer, 72 Ill. 235; C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 532.

The question of whether the appellee used ordinary care, or that care enjoined upon him under the existing and surrounding circumstances at the time he was injured, was one of fact purely, for the jury to determine, and not a question of law. R. R. Co. v. Haworth, 39 Ill. 346; R. R. Co. v. O'Connor, 119 Ill. 597; R. R. Co. v. Pennell, 94 Ill. 455.

"When it is once admitted or established by the evidence, and sufficiently shown, that signals were not given, as required by the statute under such circumstances, the verdict of the jury is supported by the evidence on the theory that the negligence of the appellant's servants was gross as compared with that of the appellee, which was slight." R. R. I. & St. L. R. R. Co. v. William Hillmen, 72 Ill. 235; Board of Trustees v. Joshua L. Misenheimer et al., 89 Ill. 151; Grimes v. Butts, 65 Ill. 347; Seibel v. Vaughan, 69 Ill. 257; Fuller v. Bates, 6 Brad. 442.

I. R. BROWN, attorney for appellee.

OPINION BY THE COURT.

The plaintiff below was awarded a verdict and judgment

in the sum of $2,000 for injuries sustained by reason of a collision with the train of defendant at a highway crossing.

The grounds of negligence alleged in the declaration were that no signal was given of the approach of the train, that the train was otherwise negligently operated and that the right of way was obstructed by a heavy growth of weeds and bushes so as to shut off the view of one approaching the highway crossing.

The evidence is quite voluminous, and counsel have argued the case from their respective standpoints. It would take more time and space than is thought necessary to state in detail or even in a general way the testimony as it appears in the abstract.

It is quite apparent to us that the great preponderance of the evidence is with the defendant on the question whether the proper signals were given of the approach of the train. Indeed, there is scarcely any room to doubt that they were given. Nor is there sufficient proof of negligent management of the train in any other respect.

There was proof, however, that upon the right of way weeds and bushes had grown to such an extent as to greatly obstruct the view, and if the case turned upon this point the finding for plaintiff might stand.

But we think it is not the material question in the case. The accident occurred at night, and the presence of these obstructions was not very important. The signals being given, as they undoubtedly were, the plaintiff, had he exercised proper caution, would have known the train was approaching, and to the signals was added the noise and roar caused by passing over a long bridge, which ended some 200 feet or more beyond the crossing.

It is difficult to understand how the plaintiff could have failed to hear all this if he was duly sober and careful of his own safety. Unfortunately for him there is no little evidence that he was considerably under the influence of liquor which, if true, would account for his action.

It would seem that the plaintiff insisted before the jury that the weeds and bushes on the right of way obstructed the sounds of the approaching train, as well as the view,

for we find in the instructions for plaintiff a suggestion to that effect. There is no such allegation in the declaration and it seems unreasonable in the highest degree that the plaintiff was by such means prevented from hearing the train or its signals.

Such obstructions might obscure the view but would not prevent the passage of sound in any appreciable degree.

So far as the instructions contained such intimation they were misleading and erroneous. The first instruction was faulty in assuming or intimating that the plaintiff was guilty of but slight negligence in going upon the track when greatly under the influence of liquor and in failing to require as an essential element of the plaintiff's case that he was in the exercise of ordinary care. Regarding the whole case as it appears in the record, we are of opinion that the court erred in refusing the motion for a new trial. The judgment will be reversed and the cause remanded.